Cheylynn Hayman (9793)
Jascha K. Clark (16019)
Michael A. Stevens (17326)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
chayman@parrbrown.com
jclark@parrbrown.com
mstevens@parrbrown.com

*Attorneys for Snap Finance, LLC*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VANESSA MONTELONGO,<br><br>   Plaintiff,<br><br>vs.<br><br>SNAP FINANCE, LLC a/k/a SNAP FINANCE US a/k/a NEW SNAP FINANCE,<br><br>   Defendant. | **MOTION TO DISMISS COUNT I AND COUNT II OF PLAINTIFF'S COMPLAINT**<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>Civil No. 2:25-cv-00401-DBP<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to Rules 7 and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Snap Finance, LLC ("Snap"), by and through its counsel of record, hereby respectfully submits this Motion to Dismiss Count I and Count II of the Complaint filed by Plaintiff Vanessa Montelongo ("Montelongo").

1

**PRECISE RELIEF SOUGHT AND**
**SPECIFIC GROUNDS FOR THE MOTION**

Snap moves the Court to dismiss with prejudice the first two counts of Montelongo's Complaint for sexual assault and battery (Count I) and negligent retention and supervision (Count II) because both counts are time-barred under Utah's four-year statute of limitations. Montelongo filed suit over seven years after the alleged 2018 incident on which her claims are based—nearly *double* the statutory period. Montelongo attempts to salvage these tardy claims through equitable tolling. Based on her own allegations, however, she cannot meet the strict requirements for equitable tolling because she had actual knowledge of the alleged incident from day one and reported it multiple times, including immediately after the alleged incident occurred. Consequently, both claims are time-barred.

Count I independently fails for the additional reason that, even if timely, Montelongo seeks to impose vicarious liability for alleged criminal acts that are, as a matter of law, outside the scope of employment.

Because Montelongo has failed to sufficiently allege Count I and Count II, both counts should be dismissed with prejudice. Pursuant to DUCivR 7-1(f), Snap respectfully requests oral argument on this Motion.

**STANDARD OF REVIEW**

When deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), this Court must accept as true "all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys. Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must provide "enough facts to state a claim for relief that is

plausible on its face," which requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

While a court generally must treat allegations as true, that is not the case for legal or factual conclusions. *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009) (citation omitted). "[A] plaintiff must offer specific factual allegations to support each claim." *Collins*, 656 F.3d at 1214.

### PLAINTIFF'S ALLEGATIONS IN THE AMENDED COMPLAINT[1]

1.  Montelongo began working for Snap in May 2017. (Compl. ¶ 11.)

2.  In 2018, Montelongo was performing work for Snap as an independent contractor. (*Id.* at ¶ 66.)

3.  During the first quarter of 2018, Montelongo attended Snap's Sales Kick-Off event in Cancun, Mexico. (*Id.* at ¶ 17.)

4.  Montelongo went to the hotel room of Snap's Vice President of Field Sales, Brandon West. (*Id.* at ¶ 18.)

---

[1] The following allegations taken from Montelongo's Complaint are recited as true herein solely for the limited purposes of this Motion.

5. Montelongo arrived at the hotel room and was surprised that she was alone in the room with Mr. West. (*Id.* at ¶ 19.)

6. Mr. West allegedly raped Montelongo. (*Id.* at ¶ 25.)

7. After the alleged rape, Montelongo claims that Mr. West discouraged her from reporting the rape to local police or human resources. (*Id.* at ¶¶ 26-27.)

8. Sometime between the alleged rape and the following day, Montelongo told a Snap employee about the alleged rape. (*Id.* at ¶ 32.)

9. Montelongo again reported the alleged rape to some unnamed person in November 2019. (*Id.* at ¶ 37.)

10. Montelongo also reported the alleged rape to an HR employee named Elisha. (*Id.* at ¶ 77.)

11. Montelongo alleges that Mr. West was acting in the course and scope of his duties as Vice President of Field Sales of Snap when he engaged in the alleged assault and battery identified in her Complaint (*Id.* at ¶ 71.).

## ARGUMENT

**I.   Count I and Count II are both Time Barred**

Utah imposes a four-year statute of limitations on claims for sexual assault, battery, and negligence. Utah Code § 78B-2-307(4). These statutory filing deadlines are not technical loopholes—they are "fundamental to a well-ordered judicial system." 51 Am. Jur. 2d Limitation of Actions § 18. Statutes of limitations exist to protect against the unfairness of surprise or fraudulent claims, and to prevent the injustice of litigating stale allegations when evidence is

gone, memories have faded, and witnesses have disappeared.[2] *Davis v. Provo City Corp.*, 2008 UT 59, ¶ 27. Utah courts apply these limits even in the most serious cases because fairness depends on timely resolution.

Here, Montelongo alleges the assault occurred in early 2018. She did not file this action until May 2025—*more than three years **after*** the statute expired. That delay extinguishes Count I and Count II. Although Montelongo attempts to invoke equitable tolling in her Complaint, for reasons explained below, she fails to allege facts sufficient to satisfy Utah's stringent requirements for this extraordinary remedy. (Compl. at ¶ 79.) There is no Utah precedent allowing equitable tolling on facts even remotely like those presented here, and this Court should decline to create one.

    A. <u>Montelongo's Admitted Actual Knowledge of the Alleged Assault Forecloses Equitable Tolling</u>

Utah courts apply a two-step analysis when determining whether the discovery rule tolls a statute of limitations. First, a plaintiff must make a threshold showing "she did not know and could not reasonably have known of the existence of a cause of action." *O'Neal v. Division of Family Services*, 821 P.2d 1139, 1144 (Utah 1991). If the plaintiff knew or could have reasonably known of the operative facts, the analysis ends there, and tolling is categorically unavailable. *Id.*

*O'Neal* is instructive. In that case, the plaintiff, who had been sexually abused as a child in state-supervised foster care, argued that psychological trauma prevented him from asserting

---

[2] Indeed, this case presents a stereotypical example of the importance of statutes of limitation, given that Montelongo's claim centers around the alleged conduct of various Snap employees—including Mr. West—who are long gone and have not worked for Snap for many years.

his claims earlier. The court rejected this argument, reiterating that the "prerequisite to any application of the discovery rule" is "ignorance by the plaintiff of the facts giving rise to the cause of action." *Id*. Because the plaintiff had always been aware of the abuse, even if he had delayed asserting claims due to the psychological trauma caused by the abuse, the Court held that equitable tolling was unavailable as a matter of law. *Id*. at 1144-45.

Here, Montelongo's own allegations confirm she knew of the alleged assault from the moment it occurred. (*See* Compl. ¶¶ 18-19, 25.) She admits (via allegation) that she not only was aware of the alleged assault but reported the purported incident at least three different times—(1) immediately after the incident (*id.* ¶ 32), (2) again in 2019 (*id.* ¶ 37), and (3) again to an HR employee (*id.* ¶ 77). These admissions are dispositive. Like the plaintiff in *O'Neal*, Montelongo may claim that the alleged circumstances made it difficult for her to report her claims, but she cannot claim ignorance of the operative facts of the alleged assault. Because she had actual knowledge throughout the limitations period, she is barred from invoking the discovery rule and Counts I and II must be dismissed with prejudice.

B. Montelongo Fails to Allege the Concealment or Exceptional Circumstances Required for Tolling.

Even if Montelongo could clear the threshold knowledge bar—which she cannot—Counts I and II still fail. Utah law recognizes only two narrow grounds for equitable tolling: (1) concealment by the defendant, or (2) extraordinary circumstances. *Olsen v. Hooley*, 865 P.2d 1345, 1348 (Utah 1993). Plaintiff meets neither of these narrow grounds.

i. *Montelongo Does Not and Cannot Allege Snap Concealed Any Facts*

To invoke equitable tolling based on concealment, a plaintiff must show "affirmative acts or active deception by the [d]efendant to conceal the facts giving rise to the claim," not

6

simply a passive failure to act on known allegations. *Vigil v. City & Cnty. of Denver*, 162 F. App'x 809, 812 (10th Cir. 2006).

Montelongo alleges no such conduct or deception here. To the contrary, she affirmatively alleges that she reported the incident to a Snap employee, to an unnamed person, and to "Elisha" in human resources. (Compl. ¶¶ 32, 37, 77.) Those admissions necessarily and irrefutably eliminate any concealment theory.

    ii.   *No Exceptional Circumstances Prevented Montelongo from Filing Suit*

Meanwhile, to show "exceptional circumstances" the plaintiff must show both that "the case presents exceptional circumstances <u>and</u> the application of the general rule would be irrational or unjust." *Stephenson v. Elison*, 2017 UT App 149, ¶ 27 (emphasis added).

Utah courts have found exceptional circumstances only in extreme cases, such as where plaintiffs literally could not know of their claims. In *Myers v. McDonald*, 635 P.2d 84, 86-87 (Utah 1981), the Utah Supreme Court applied tolling where guardians, despite their efforts to find their ward, had no knowledge he had died in an accident, and therefore had "no knowledge that a cause of action existed" until after the limitations period had run. *Id.* Under these exceptional circumstances, the court engaged in a balancing test and found that "the defendant suffered no greater prejudice than the plaintiffs regarding problems of proof" and plaintiffs had "no alternative other than to bring their action after the statutory limitation period had expired." *Id.* at 87.

By contrast, the Utah Court of Appeals has made clear that even subjective trauma, fear, or believing litigation would be futile cannot toll Utah's statute of limitations when the plaintiff knows the underlying facts. *Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2004 UT

7

App 436. In *Colosimo*, the court refused to toll limitations for child sexual abuse victims who believed reporting would accomplish nothing, holding that the ability—not the willingness—to file suit is what determines whether tolling applies. *Id.* ¶ 28.

Here, Montelongo does not allege that she was incapacitated or that she was unaware of her legal rights. Nor does she allege that she was foreclosed from bringing her action during the limitation period. Instead, Montelongo admits in her Complaint that she took affirmative steps to report the alleged assault on several different occasions, starting *the very next day* in "early 2018." Whatever difficulty she may claim she had in reporting the alleged assault, it did not render suit impossible. The statute of limitations exists to prevent litigation under precisely these circumstances.

Because Montelongo cannot establish either concealment or exceptional circumstances, equitable tolling is unavailable, and her claims are time-barred as a matter of law.

II. **Count I Fails to State a Viable Claim for Vicarious Liability**

Even if Montelongo's claims were not time-barred, Count I would fail for the independent reason that she fails to state a viable claim for vicarious liability.

Under Utah law, an employer is vicariously liable for an employee's intentional tort only if the act was committed within the scope of employment. *Clark v. Pangan*, 2000 UT 37, ¶ 8. For conduct to fall within the scope of employment, the plaintiff must prove that: (1) the conduct is of the general kind the employee was hired to perform; (2) it occurred within the ordinary time and spatial boundaries of employment; and (3) it was motivated, at least in part, by a purpose to serve the employer. *Id.* ¶ 20 (quoting *Birkner v. Salt Lake County*, 771 P.2d

1053, 1056 (Utah 1989)). Plaintiff's allegations do not satisfy the first or third elements.[3]

Montelongo alleges that Snap's Vice President of Field Sales invited her to a hotel suite under the pretext of discussing business and then sexually assaulted her. She does not allege that Mr. West was employed to commit sexual assaults or any conduct remotely related to such acts, nor could she. Vice Presidents of Field Sales are hired to manage sales teams and drive revenue—not to commit felonies. As *Birkner* and *Clark* confirm, wrongful conduct occurring in a work-related setting still must be of the type the employee was hired to perform in order to trigger vicarious liability.

Montelongo also fails to allege facts showing that Mr. West acted, even in part, to serve Snap's interests. Sexual assault serves no legitimate business purpose and directly undermines an employer's legal and reputational interests. In *Birkner*, the Utah Supreme Court held that a sexual battery by a therapist, though occurring during counseling sessions, was not within the scope of employment because it was neither the kind of act the employee was hired to perform nor motivated by the employer's interests, but rather served the "private and personal interests" of the employee. 771 P.2d at 1056. *Clark* reaffirmed that acts "from purely personal motives in no way connected with the employer's interests" or that are "unprovoked, highly unusual, and quite outrageous" are outside the scope of employment. 2000 UT 37, ¶ 24.

Because Montelongo alleges no facts that plausibly satisfy the first or third elements of the governing test, Count I fails as a matter of law and should be dismissed with prejudice.

---

[3] Montelongo's Complaint contains nothing more than a conclusory assertion that Mr. West acted within the scope of his employment. That assertion, standing alone, is insufficient to state a plausible claim. As the Supreme Court held in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S. 662, 678 (2009).

## CONCLUSION

Montelongo filed Counts I and II more than seven years after the alleged events—well beyond Utah's four-year statute of limitations. That alone is fatal to those claims. Count I also fails on the merits because sexual assault is not—as a matter of law—within the scope employment of a Vice President of Field Sales. Applying those settled principles here, the Court should dismiss Counts I and II with prejudice.

Dated this 20th day of August 2025.

**PARR BROWN GEE & LOVELESS**

_/s/ Jascha K. Clark_
Cheylynn Hayman
Jascha K. Clark
Michael A. Stevens

*Attorneys for Snap Finance, LLC*