## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VANESSA MONTELONGO,<br><br>    Plaintiff,<br><br>vs.<br><br>SNAP FINANCE, LLC a/k/a SNAP FINANCE US a/k/a NEW SNAP FINANCE,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS COUNT I AND COUNT II OF PLAINTIFF'S COMPLAINT**<br><br>Civil No. 2:25-cv-00401-DBP<br><br>Magistrate Judge Dustin B. Pead |

## I.    INTRODUCTION

On August 20, 2025, Defendant Snap Finance, LLC ("Snap" or "Defendant") motioned the court to dismiss Count I and Count II of Plaintiff Vanessa Montelongo's ("Montelongo" or "Plaintiff") complaint (the "Motion") (ECF No. 16).  Plaintiff filed her opposition to the Motion on September 17, 2025 (ECF No. 17), and Snap filed its reply on October 6, 2025 (ECF No. 21).

On November 18, 2025, the court heard oral argument on Defendant's Motion.[1] At the conclusion of the hearing, the court issued an oral ruling and indicated that a written decision would follow. Consistent therewith, and for the reasons set forth herein, the court now issues the following memorandum decision and order.

---

[1] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment (ECF No. 15). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

As set forth more fully below, the court concludes Count I and Count II of Ms. Montelongo's complaint are barred by the applicable statute of limitations and equitable tolling does not apply. Count I of the complaint is dismissed with prejudice, and Count II is dismissed without prejudice, subject to the limitations described in this Order.

## II.    BACKGROUND

For purposes of Defendant's Motion for dismissal, the court assumes the factual allegations in the complaint are true, and views those allegations in the light most favorable to Plaintiff. The following facts are taken directly from Plaintiff's complaint (ECF No. 1).

Ms. Montelongo began working for Snap in May 2017 (*Id.* ¶ 11).  From 2017 until August 1, 2019, Plaintiff worked for Snap as an independent contractor (*Id.* ¶¶ 11, 66, 80-81). In early 2018, while at a Snap event in Cancún, Mexico, Plaintiff alleges that Brandon West, Snap's Vice President of Field Sales, raped her (*Id.* ¶¶ 17-18, 25).  After the rape, Mr. West discouraged Plaintiff from reporting the incident to local police and threatened her job (*Id.* at ¶¶ 26-27).

Plaintiff alleges Snap knew, before this incident, Mr. West had a propensity for sexual assault, and Snap was aware of two other women who had been assaulted by Mr. West  (*Id.* at ¶ 74). Ms. Montelongo reported Mr. West's conduct to Snap internally (*id.* ¶ 37), to a Snap attorney (*id.* ¶ 59), and to a human resources employee (*id.* ¶ 77). Plaintiff's employment with Snap was terminated on February 23, 2024 (*Id.* ¶ 63).

Ms. Montelongo filed her complaint against Snap on May 20, 2025 (*Id.*). In addition to other claims, Plaintiff's complaint asserts a state-law sexual assault and battery claim ("Count I") and a negligent retention and supervision claim ("Count II"). Count I identifies Mr. West as

the actor whose conduct constitutes sexual battery. Count II incorporates only the paragraphs of

the complaint relating to the alleged 2018 rape and contends Snap negligently retained and/or

negligently supervised Mr. West despite prior knowledge of his alleged propensities.

Through its pending Motion, Defendant moves to dismiss Counts I and II as barred by

the four-year statute of limitations.[2]

### III.    LEGAL STANDARD

When deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the

Court accepts as true "all well-pleaded factual allegations in the complaint and view them in the

light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys. Inc.*, 706 F.3d

1231, 1235 (10th Cir. 2013). To survive dismissal, a complaint must provide "enough facts to

state a claim for relief that is plausible on its face," which requires "more than an unadorned,

the-defendant-unlawfully harmed-me accusation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678,

129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

While a court generally must treat allegations as true, that is not the case for legal or

factual conclusions. *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir.

2011).  Indeed, "conclusory allegations without supporting factual averments are insufficient to

state a claim on which relief can be based." *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir.

2009) (citation omitted). Rather, "a plaintiff must offer specific factual allegations to support

each claim." *Collins*, 656 F.3d at 1214.

---

[2] Because the court dismisses both claims as barred by the statute of limitations, the court does
not address Snap's alternative argument that Count I fails to state a viable claim for vicarious
liability because Mr. West's alleged conduct was not within the scope of his employment.

The court may dismiss a claim on the pleadings based on the statute of limitations if the affirmative defense appears plainly on the face of the complaint itself. *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018).

## IV.     ANALYSIS

### I.     Count I – Sexual Assault and Battery

#### A.  Count I Is Barred by the Four-Year Statute of Limitations

Utah imposes a four-year statute of limitations on claims for sexual assault and battery. Utah Code § 78B-2-307(4). Ms. Montelongo alleges Mr. West raped her in early 2018 while she was at a Snap event in Cancún, Mexico (ECF No. 1 ¶¶ 17, 25). Plaintiff does not allege further sexual assaults or misconduct by Mr. West after that incident. Ms. Montelongo's action against Defendant was filed on May 20, 2025, more than seven years after the alleged rape.

On the face of the complaint, Count I accrued in 2018, when the alleged assault occurred. Consequently, the four-year limitations period expired in 2022, three years before Plaintiff filed suit in 2025. Thus, based on the dates alleged in the complaint, Count I is untimely and barred by the applicable limitations period.

#### B.  Plaintiff Cannot Satisfy the Threshold Knowledge Requirement for Equitable Tolling

The discovery rule is a judicially created doctrine which allows a party to avoid the general rule that a cause of action accrues and the relevant statute of limitations begins to run "upon the happening of the last event necessary to complete the cause of action . . . ." *Myers v. McDonald,* 635 P.2d 84, 85 (Utah 1981). However, before any discovery rule may toll a statute of limitations, a plaintiff must make a threshold showing that "she did not know and could not reasonably have known of the existence of a cause of action" in time to reasonably comply

within the limitations period. *O'Neal v. Division of Family Services*, 821 P.2d 1139, 1144 (Utah 1991); *Stephenson v. Elison*, 2017 UT App 149, ¶ 39, 405 P.3d 733 (citing *McBroom v. Child*, 2016 UT 38, ¶ 34, 392 P.3d 835). The Utah Supreme Court described this threshold showing as a "definitional prerequisite" to any version of the discovery rule, statutory or judicial. *Id.* Consequently, if a plaintiff knew or could reasonably have known of the operative facts within time to reasonably file her claim, the analysis ends and tolling is categorically unavailable.

If a plaintiff can clear the threshold knowledge bar, Utah law recognizes two narrow grounds for equitable tolling: (1) concealment by the defendant, and (2) exceptional circumstances. *Olsen v. Hooley*, 865 P.2d 1345, 1348 (Utah 1993). To invoke equitable tolling based on concealment, a plaintiff must show "affirmative acts or active deception by the [d]efendant to conceal the facts giving rise to the claim," not simply a passive failure to act on known allegations. *Vigil v. City & County. of Denver*, 162 F. App'x 809, 812 (10th Cir. 2006). To invoke equitable tolling based on exceptional circumstances, the plaintiff must show, "without regard to any showing that the defendant has prevented the discovery of the cause of action," the case nonetheless "presents exceptional circumstances or causes of action where the application of the general rule would be irrational or unjust." *O'Neal*, 821 P.2d at 1143. In this case, Ms. Montelongo contends the statute of limitations period for Counts I and II should be tolled based on "exceptional circumstances".

Utah courts have found exceptional circumstances only in rare cases, where plaintiffs did not know and could not know of the facts giving rise to the cause of action in time to reasonably comply with the limitations period. For example, in *Myers v. McDonald*, the Utah Supreme Court confirmed the two-year statute of limitations for a wrongful death claim should

be equitably tolled where the plaintiff guardians, despite searching diligently for their missing ward, did not discover that he had been killed in a car accident until more than two years after he went missing, and therefore had "no knowledge of the facts and circumstances of their decedent's death" until after the limitations period had run. 635 P.2d 84, 86-87 (Utah 1981).

Utah courts refuse to apply the exceptional circumstances doctrine when the plaintiff had knowledge of the underlying facts on which the claim is based, notwithstanding various reasons offered by the plaintiffs for why they did not file within the limitations period.

In *O'Neal*, the plaintiff sought to toll the statute of limitations based on abuse he acknowledged that he had "always been aware of" but was "psychologically unable to reveal." 821 P.2d at 1140. The Utah Supreme Court declined to equitably toll the limitations period, explaining that "[t]he difficulty with O'Neal's argument is that it seeks to have us apply the balancing analysis suggested by the *Myers* case without first focusing on a prerequisite to any application of the discovery rule—ignorance by the plaintiff to the facts giving rise to the cause of action." *Id.* 1144. The court reasoned that an "inability to *reveal* the abuse is not the same as … not *knowing* of the abuse," and contrasted that case with *Myers*, in which the court recognized it had been "impossible for [the plaintiffs] to learn that the boy was dead within the relevant period." *Id.* at 1143.

Noting the *O'Neal* case was not one "where the victim has so repressed the memory of the events that he or she has forgotten they occurred," the court observed its refusal to toll the statute of limitations was consistent with the majority of other courts that have addressed the issue and "required by sound principles of judicial administration," reasoning as follows:

> If we were to hold that a plaintiff who was aware of the facts constituting the cause of action could claim the benefit of the discovery rule if that plaintiff could show that some psychological problem prevented him or her from bringing suit against a defendant—O'Neal's position—we would open the door to all manner of claims seeking to avoid the bar of statutes of limitations.  If we are to make principled decisions, we cannot create an exception to a statute of limitations for O'Neal, an admittedly sympathetic figure, but deny the benefits of such judicially created exception to a person who claims that some other psychological condition, such as an overacute sense of embarrassment or a pathological fear of offending another, prevented the bringing of his or her suit and justified application of the discovery rule.

*Id.* at 1145 (citation omitted).

The court reached the same conclusion in *Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2004 UT App 436. In that case, plaintiffs who alleged they had been sexually abused by a Catholic high school teacher as students brought claims against various entities and individuals who operated the high school. *Id.* ¶¶ 1-2, 4.  Although the plaintiffs "knew at the time … that they had been abused and that they had suffered injury as a result," *id.* ¶ 5, they argued that they did not know about the defendants' complicity in the abuse until decades later when a news article published a detailed history of the abuse. *Id.* ¶ 20. The court declined to toll the statute of limitations because it recognized it is the ability—not the willingness—to file suit that determines whether tolling applies. *Id.* ¶ 28.

In *Stephenson v. Elison*, 2017 UT App 149, 405 P.3d 733, the plaintiff similarly brought claims based on a teacher who had sexually assaulted him years earlier. *Id.* ¶ 2.  According to the plaintiff, when he initially met with the principal to report the assault, the principal made him believe that "he had acted inappropriately and would be subject to discipline." *Id.* ¶ 3.  The plaintiff admitted that he "factually comprehended at the time he had been sexually abused" but argued he was "unable to fully comprehend the circumstances of his abuse … until the time

[the] lawsuit was filed." *Id.* ¶ 17.

When the defendants moved for summary judgment on the grounds that the plaintiff's claims were time-barred, the plaintiff argued the court should delay deciding the motion and allow the plaintiff to explore through expert discovery whether mental capacity and memory repression might exist to support tolling the statute of limitations. *See id.* ¶ 14. Yet, the court rejected these arguments, concluding, in part, that the allegations in the plaintiff's own complaint belied that he did not know nor should have reasonably known the facts underlying the cause of action. *Id.* ¶¶ 39-40 (recognizing that "an admission of fact in a pleading is a judicial admission and [] normally conclusive on the party making it").

Here, Plaintiff's complaint fails to satisfy the threshold showing required for equitable tolling. Plaintiff's complaint reflects that she was present for and knew about the alleged assault (ECF No. 1 ¶¶ 17, 25–30). Indeed, Plaintiff asserts she made a number of internal reports about the alleged rape, including one in 2019 (*id.* ¶ 37), one to a human resources employee (*id.* ¶ 77), and one to Snap's internal legal counsel (*id.* ¶ 59). These allegations and admissions are dispositive. Although Ms. Montelongo alleges she chose not to pursue legal action at the time because she feared job retaliation, needed to preserve her income and benefits, and believed reporting might be futile, she concedes that she always knew of the facts giving rise to her cause of action (*id.* ¶¶ 26–30). Workplace concerns about reporting relate to internal reporting mechanisms, not to the ability to file a lawsuit in court.

The court recognizes the serious nature of the allegations in this case. Yet application of the statute of limitations in this case is dictated by clear precedent. Nonetheless, Plaintiff's inability to satisfy the definitional prerequisite to application of the equitable discovery rule

does not reflect on the seriousness of the underlying conduct alleged in the complaint.

Because Plaintiff cannot establish the threshold lack of knowledge showing, Count I of her complaint must be dismissed. Given Ms. Montelongo's admission that she had knowledge of the alleged assault in 2018, Count I is dismissed with prejudice.

## II.    Count II – Negligent Retention and Supervision

Count II alleges negligent retention and supervision. The same four-year statute of limitations that applied to Cout I applies to Plaintiff's negligence claims. Utah Code § 78B-2-307(4).

### A.   Count II Is Barred by the Four-Year Statute of Limitations

Count II incorporates paragraphs 1-31 and 66-80 of the Complaint, which relate exclusively to the alleged rape by Mr. West in 2018 (ECF No. 1 ¶ 81). Count II alleges "Snap knew or should have known at the time that Montelongo was raped by West that he posed a danger" and "Snap continued to employ West, thereby breaching its duty of care to Montelongo" (*Id.* ¶¶ 82, 84).

The elements of negligent retention and supervision require: (1) that the employer knew or should have known that its employee posed a foreseeable risk of harm; (2) that the employee inflicted such harm; and (3) the employer's negligence proximately caused the injury. *Jensen v. Gale*, 2014 WL 7246948, at *5 (D. Utah 2014).

Here, Plaintiff alleges Defendant knew or should have known of the danger Mr. West posed based on alleged incidents with other employees prior to 2018, that Mr. West allegedly inflicted harm in 2018, and that Snap's alleged failure to act proximately caused injury to Plaintiff in 2018. Yet, based on Plaintiff's own allegations, all three elements of Count II were

9

satisfied in 2018. Thus, like Count I, barring tolling or some other doctrine that extends the statute of limitations, Count II expired in 2022.

### B.  The Continuing Violation Doctrine Does Not Apply

To counter the argument that the statute of limitations period has expired, Ms. Montelongo asserts that the continuing violation doctrine applies to Count II. The continuing violation doctrine "applies when the plaintiff's claim seeks redress for injuries resulting from a series of separate acts that collectively constitute one unlawful act, as opposed to conduct that is a discrete unlawful act." *Herrera v. City of Espanola*, 32 F.4th 980, 993 (10th Cir. 2022). However, as the Tenth Circuit emphasized, "an important caveat to the continuing violation doctrine . . . is that it is triggered by continual unlawful acts, ***not by continual ill effects*** from the original violation." *Id.* at 993 (emphasis added).

Here, Snap's 2018 alleged failure to supervise or terminate Mr. West after learning of his propensities was a discrete unlawful act. However, Plaintiff's alleged ongoing injuries—including continued exposure to Mr. West in the workplace—do not transform that completed tort into a continuing violation. The fact that Mr. West may have remained employed following the alleged assault constitutes the continuing ill effects of the original negligent retention, not continuing unlawful acts.

Moreover, Count II as pleaded names only Mr. West and Ms. Montelongo cannot extend Count II's timeliness by pointing to conduct by other employees when Count II is limited to only negligent retention and supervision of Mr. West (ECF No. 1 at ¶¶ 81–85).

### C.  Count II is Dismissed Without Prejudice

The Court finds that Count II fails to state a timely claim as presented in the pending

Complaint. The negligent retention claim related to Mr. West and the 2018 alleged assault is time-barred for the same reasons as Count I—it is a discrete act that occurred in 2018, and Plaintiff had knowledge of all facts necessary to bring the claim within the statute of limitations period.

Although skeptical that amendment can cure the deficiencies raised, the Court exercises caution before dismissing claims with prejudice and is willing to afford Plaintiff the opportunity to seek leave to amend Count II. In doing so, the court makes no finding that any motion for leave to amend, should Plaintiff elect to file one, would be granted or that any such amendment would ultimately succeed.

Out of an abundance of caution, the Court dismisses Count II without prejudice. If Ms. Montelongo believes she can cure the deficiencies identified in this Order, she may file a motion for leave to amend within the timeframe that will be identified in the parties' Scheduling Order.

## ORDER

For the reasons stated on the record at the November 18, 2025 hearing and set forth herein, **IT IS HEREBY ORDERED** that Snap's Motion (ECF No. 16) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Count I (Sexual Assault and Battery) is **DISMISSED WITH PREJUDICE**.

2. Count II (Negligent Retention and Supervision) is **DISMISSED WITHOUT PREJUDICE**.

3. Consistent with the court's Order to Propose Schedule (ECF No. 3), the parties are hereby **ORDERED**, no later than December 18, 2025, to meet and confer and file a stipulated Motion for Scheduling Order.

IT IS SO ORDERED, this 3rd day of December, 2025.

_____

Dustin B. Pead
United States Magistrate Judge